IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

RENE RODRIGUEZ MONTANEZ,

    Plaintiff,

vs.

TRANSCORR, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RENE RODRIGUEZ MONTANEZ, sues Defendant, TRANSCORR, LLC, and shows:

### Introduction

1. This is an action by RENE RODRIGUEZ MONTANEZ ("RODRIGUEZ") against his former employer, TRANSCORR, LLC ("TRANSCORR"), for unpaid overtime wages, and retaliation pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 213, and the Florida Constitution. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

1

**Parties and General Allegations**

4. Plaintiff, RODRIGUEZ, a resident of Polk County, Florida, was at all times material, employed by TRANSCORR as a "spotter", was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with TRANSCORR, was engaged in commerce or in the production of goods for commerce.

5. Defendant, TRANSCORR, is a foreign limited liability company doing business in Polk County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207 and 215, in the offices where RODRIGUEZ was employed in Winter Haven, Florida.

6. RODRIGUEZ was employed with TRANSCORR as a "spotter", meaning he transported and transferred semi-trailers within Defendant's Winter Haven facility and between that facility and Defendant's semi-trailer storage facilities. (Plaintiff also knows TRANSCORR as "Venture Logistics". At this time, Plaintiff believes TRANSCORR and Venture Logistics are one and the same. However, should further investigation confirm the two are separate entities, Plaintiff intends on adding Venture Logistics as a Defendant to this action as a joint employer.)

7. RODRIGUEZ was employed with TRANSCORR from on or about November 25, 2019 through on or about February 18, 2021.

8. RODRIGUEZ routinely worked over 40 hours a week, often as many as 60 to 72 hours a week, without being paid overtime for any hours over 40.

9. In December of 2020, RODRIGUEZ complained to his supervisor, John Klein, about not being paid overtime. RODRIGUEZ was told by Mr. Klein that Defendant did not pay overtime.

10. On or about February 18, 2021, RODRIGUEZ was terminated by TRANSCORR.

**Count I – Violation of FLSA by Defendant TRANSCORR – Overtime**

11. Plaintiff, RODRIGUEZ, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 10 above.

12. Since on or about November 25, 2019 up to and including February 18, 2021, Defendant TRANSCORR has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically RODRIGUEZ, since November 2019, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

13. The failure to pay overtime compensation to RODRIGUEZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if RODRIGUEZ was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to RODRIGUEZ.

14. TRANSCORR's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and RODRIGUEZ's status as non-exempt but chose not to pay him in accordance with the Act.

15. RODRIGUEZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from TRANSCORR:

   a. All unpaid overtime that is due;

b. As liquidated damages, an amount equal to the unpaid overtime owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, RODRIGUEZ, prays that this court will grant judgment against Defendant TRANSCORR:

a. awarding RODRIGUEZ payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

b. awarding RODRIGUEZ an additional equal amount as liquidated damages;

c. awarding RODRIGUEZ his costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Count II –Violation of FLSA by TRANSCORR – Retaliation (Plaintiff's Discharge)**

16. Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10 above.

17. Plaintiff, at several times during the course of his employment with Defendant, complained about the amount of hours that he was required to work and the manner in which he was being compensated. Specifically, Plaintiff made his complaints well-known to the Defendant that he was not being paid overtime for any hours worked over 40 hours a week.

18. Plaintiff's verbal complaints regarding lack of overtime pay were well known throughout the company, or at the very least, by Plaintiff's superiors.

19. As a result of Plaintiff's complaints mentioned above, Defendant discharged Plaintiff from his employment.

20. Defendant's reasons for Plaintiff's discharge were pre-textual.

21. Defendant's actions as more particularly described above were directly related to and in response to Plaintiff's various complaints about lack of overtime pay, since there are no other justifiable reasons for Defendant's adverse action.

22. Plaintiff's complaints about lack of overtime pay constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

23. Defendant's adverse treatment of Plaintiff was pre-textual and a direct result of Plaintiff's public opposition to Defendant's pay practices.

24. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

25. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

   a. All lost wages that are due, including pre-judgment interest;

   b. As liquidated damages, an amount equal to lost wages

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

   a. awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

   b. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

   c. awarding Plaintiff his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: March 18, 2021
Plantation, Florida

        Respectfully submitted,

        */s/Robert S. Norell*
        Robert S. Norell, Esq. (Fla. Bar No. 996777)
        E-Mail: Rob@floridawagelaw.com
        James A. Peterson, Esq. (Fla Bar No. 645621)
        E-Mail: James@floridawagelaw.com
        **ROBERT S. NORELL, P.A.**
        300 NW 70th Avenue
        Suite 305
        Plantation, Florida 33317
        Telephone: (954) 617-6017
        Facsimile: (954) 617-6018
        Counsel for RENE RODRIGUEZ MONTANEZ